# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **YVETTE KELLY,** | ) |
|     **PLAINTIFF,** | ) |
| **VS.** | )       **2:14-cv-2464-JHH** |
| **ALABAMA TITLE LOANS, INC.,** | ) |
|     **DEFENDANT.** | ) |

## MEMORANDUM OPINION AND ORDER

The court has before it the February 20, 2015 Motion (Doc. #12) to Compel Arbitration filed by Defendant Bessemer Title Pawn, Inc. d/b/a Alabama Title Loans ("Defendant"). The Motion (Doc. #12) has been fully briefed (Docs. #13, 17, 18) in accordance with the court's orders (Docs. #14, 16) of February 23, 2015 and March 12, 2015, and is now before the court for review.

**I.     Relevant Background and Facts**

    **A.     Procedural History**

On December 23, 2014 Yvette Kelley ("Kelley" or "Plaintiff") filed this lawsuit against Bessemer Title Pawn, Inc. d/b/a Alabama Title Loans alleging violations of 42 U.S.C. § 1981, as amended. (*See generally* Compl.). Kelley alleges that her employment at Alabama Title Loans was terminated and/or that she was refused a

transfer because of her race, African American.[1] (*See generally* Compl.). On February 20, 2015, the date Defendant's Answer was due, Defendant filed the instant Motion (Doc. #12) to Compel Arbitration. The Motion (Doc. #12), as supported by the accompanying Memorandum of Law (Doc. #13), asserts that Plaintiff signed an Agreement to Arbitrate agreeing that any dispute relating to her employment would be resolved through arbitration. (*See* Doc. #13 at 1, Exh. A).

### B. The Arbitration Agreement

At the inception of her employment on August 4, 2011 with Alabama Title Loans, Kelley and Defendant mutually executed a written Arbitration Agreement (the "Agreement"). (Doc. #13, Exh. A). The Agreement provides:

> Employer and Employee agree that all claims, controversies or disputes, whether they be statutory claims (including claims arising under federal, state, or local statutory claims for discrimination, wage, family leave benefits or other statutory employment law claims), or common law claims in contract and/or tort which arise out of or are related in any way to the employment relationship between the parties shall be resolved through binding arbitration in accordance with the procedures specified herein. Arbitration shall take place in the county of employment unless otherwise agreed in writing. However, either party may seek injunctive relief from a court of competent jurisdiction.

---

[1] On January 27, 2015, Kelley filed a First Amended Complaint (Doc. #6). The original Complaint (Doc. #1) was amended to correct the name of the Defendant.

(Def. Exh. A). The Agreement further provides that "all questions regarding whether an issue is subject to arbitration shall be determined by the arbitrator, not a court of competent jurisdiction." (Id.)

## II.     Discussion

Defendant's Motion (Doc. #13) to Compel Arbitration asserts the following grounds for ordering the case to proceed under the terms of the Agreement: (1) that the Federal Arbitration Act ("FAA") governs the case; (2) that the Agreement is valid and binding; (3) that Plaintiff's claims are within the scope of the Agreement; and (4) that discrimination claims are arbitrable statutory claims. (Doc. #13 at 3-9). Plaintiff opposes the motion to compel arbitration and counters that the injunctive claims are not arbitrable. (*See* Doc. #17 at 2). Plaintiff does not oppose arbitration of the non-injunctive damage claims. (*See* Doc. #17 at 2). As to the injunctive claims, Defendant contends that the arbitrability of any claim is an issue for the arbitrator to decide and not the court. (*See* Doc. # 18 at 3-5.)

### A.     The Federal Arbitration Act Governs the Case

There is no dispute that the arbitration agreement in this case is subject to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). (*See* Doc. #17 at 4) (citing the FAA). The FAA carries with it certain standards applicable to this court's review of the pending motion.

"In enacting the FAA, Congress demonstrated a 'liberal federal policy favoring arbitration agreements.'" *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (citation omitted). As such, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Franklin*, 177 F.3d at 947. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986). Pursuant to the FAA, a claim is arbitrable if the following three criteria are satisfied: (1) there is a valid agreement to arbitrate; (2) the claim falls within the scope of the agreement to arbitrate; and (3) the claim, if a statutory one, must not be one which the legislative body enacting it intended to be precluded from arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Here, all three criteria are satisfied, and the claim is therefore arbitrable, for the following reasons.

### 1. The Valid Agreement to Arbitrate

Where the FAA applies, the district court's next step is to determine whether a valid agreement to arbitrate exists. *Prima Paint Corp. v. Flood & Conklin*, 388 U.S. 395 (1967). Judicial determinations on the validity of an agreement to arbitrate are to be decided as a matter of contract. *See AT&T Techs., Inc. v. Communs. Workers of Am.*, 475 U.S. 643, 648-649 (1986). Under Alabama law, "[t]he elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Shaffer v. Regions Financial Corp.*, 29 So.3d 872, 880 (Ala. 2009) (citations and internal quotations omitted). The burden is on the party opposing arbitration to proffer evidence demonstrating that the agreement is invalid. *Gilmer*, 500 U.S. at 26.

When she was hired by Defendant, Plaintiff signed the above-quoted Arbitration Agreement. Plaintiff was required to sign the Agreement as a condition of her offer of employment, and she was an at-will employee of Defendant. Plaintiff's at-will employment establishes the acceptance and consideration necessary to form a binding contract. *See Maeriquest Mortg. Co. v. Bentley*, 851 So.2d 458, 464 (Ala. 2002). Therefore, under Alabama law, the Agreement was valid and binding.

### 2. Plaintiff's Claim Are Within the Scope of the Agreement or Should be Determined by the Arbitrator Whether the Claim is Arbitrable

Under the Agreement, Plaintiff agreed to arbitrate "all claims . . . which arise out of or are related in any way to the employment relationship . . . ." (Def. Exh. A.) Plaintiff's Complaint states a claim for a violation of 42 U.S.C. § 1981 based on the termination of her employment and/or the refusal to transfer because of her race. Such a claim clearly "arises out of" and "related to" her employment relationship with Defendant.

Plaintiff concedes that the non-injunctive claims for damages are covered under the Arbitration Agreement, but insists that she does not have to arbitrate her claim regarding injunctive relief. (*See* Doc. #17 at 2.)  Plaintiff advocates to "dual proceedings" where the parties would litigate the injunctive claims in federal court and arbitrate the non-injunctive (damages) claims.[2] (*Id.* at 5.) Plaintiff's argument is unpersuasive.

The law is clearly established that Plaintiff cannot avoid arbitration by asserting that the injunctive relief portions of her Complaint are not subject to the Arbitration Agreement.  Plaintiff's concession that she agreed to arbitrate the "non-

---

[2] This argument is misleading as there is only one claim in the Complaint - a violation of Section 1981 arising out of her termination.  There are no separate injunctive claims and damages claims.  Instead, Plaintiff prays for multiple forms of *relief* for the *same* claim.

injunctive claims" provides the court with a strong reason to compel arbitration. As stated by the Supreme Court in *Granite Rock Co v. International Broth. of Teamsters*:

> Where, as here, parties concede that they have agreed to arbitrate *some* matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration.

561 U.S. 287, 298 (2010) (emphasis in original) (citations and internal quotation marks omitted). Therefore, because the parties agree that the Arbitration Agreement covers parts of the relief portions of the Complaint, but disagree as to the scope, "arbitration should be compelled 'unless it may be said with positive assurance that the arbitration clause is not susceptible of any interpretation that covers the asserted dispute." *Campbell v. Verizon Wireless*, LLC, 2015 U.S. Dist. LEXIS 10707, at *23-25 (S.D. Ala. Jan. 29, 2015) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

Further, the Eleventh Circuit addressed a similar issue in *Given v. M & T Bank Corp. (In re Checking Account Overdraft Litig.)*, 674 F.3d 1252 (11th Cir. 2012). In *Given*, the arbitration agreement between the parties provided as follows: "If any part of the relief request is not expressly stated as a dollar amount, the dispute or controversy will not be . . . subject to arbitration." 674 F.3d at 1254. Because the plaintiff sought, in part, injunctive relief, the district court held that the plaintiff's claims were not within the scope of the arbitration agreement. *Id.* at 1255. The

7

Eleventh Circuit vacated the decision of the district court, noting that the arbitration agreement specifically provided that "[a]ny issue regarding whether a particular dispute or controversy is . . . subject to arbitration will be decided by the arbitrator." *Id.* at 1255-56. Based on this delegation provision, the court held that "the decision of whether [the plaintiff's] claims are within the scope of the arbitration agreement is a decision for an arbitrator, and the district court erred in making that decision itself." *Id.* at 1256-57.

*Given* controls the outcome here. While it is true that the Arbitration Agreement between Plaintiff and Alabama Title Loans contains a provision that "either party may seek injunctive relief from a court of competent jurisdiction", however, much like in *Given*, the Arbitration Agreement also provides that "all questions regarding whether an issue is subject to arbitration shall be determined by the arbitrator, not a court of competent jurisdiction." (Def. Exh. A.) Because the delegation provision encompasses "all questions," it encompasses Plaintiff's claim for relief. Accordingly, under the guidance of *Given*, "[a]n arbitrator, not the district court, must decide whether those claims are within the scope of the arbitration agreement." *See Given*, 674 F.3d at 1256.

### 3. Discrimination Claims are Arbitrable Statutory Claims

The last issue the court must decide is whether the statutory claims involve rights which Congress did not intend to be subject to arbitration. *See Gilmer*, 500

8

U.S. at 26. The burden is on Plaintiff to prove that the legislature intended to preclude a waiver of judicial remedies for the statutory right asserted. *Id.*

Case law clearly establishes that claims arising under the federal discrimination statutes are subject to arbitration. *See id.* at 29-30 (ADEA claims are arbitrable); *Bender v. A/G/ Edwards & Sons, Inc.*, 971 F.2d 698, 700 (11th Cir. 1992) (Title VII claims are arbitrable); *Kelly v. UHC Mgmt. Co.*, 967 F. Supp. 1240, 1250 (N.D. Ala. 1997) (Section 1981 claims are subject to arbitration with a valid agreement to arbitrate). The well-established case law precludes Plaintiff from successfully arguing that the legislature intended to preclude a waiver of judicial remedies for the statutory rights asserted here.

### B.     Alabama Title Loans has not Waived its Right to Arbitrate

Plaintiff argues in the alternative that Defendant has "waive[d] the argument that the matter is exclusively for arbitration" as a result of seeking reasonable attorneys' fees and costs in bringing the Motion to Compel Arbitration. (Doc. # 17 at 2 n.1.) Defendant contends that this argument does not have legal or factual support.

Waiver does not occur unless, under the totality of the circumstances, the party has acted inconsistently with the arbitration right *and* another party has been prejudiced. *See IVAX Corp. v. B.P. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th

Cir. 2002). Waiver occurs when a party seeking arbitration "substantially" participates in litigation to a point "inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Morewitz v. West of England Ship Owners Mut. Protection & Indem. Assoc. (Luxembourg)*, 62 F.3d 1356, 1365 (11th Cir. 1995). As such, the question is necessarily one of degree. *See S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). The test for waiver is not whether a party has taken *any one action* inconsistent with its right to arbitration but whether the party has acted inconsistently with its right *on the whole*. Other district courts in this circuit have found that the right to arbitration was not waived even though the parties had engaged in limited litigation before demanding arbitration. *See, e.g., Marubeni Corp. v. Mobile Bay Wood Chip Center*, 2003 WL 22466215, *16-17 (S.D. Ala. June 16, 2003) (finding no waiver where litigation spread over most of a year and where the party moving to compel litigated for almost a year and included the affirmative defense of arbitration in its answer); *Goff Group Inc. v. Greenwich Ins. Co.*, 231 F. Supp.2d 1147, 1154 (M.D. Ala. 2002) (finding no waiver where party moving to compel arbitration removed case to federal court and filed pretrial motions).

In this case, the court finds that Alabama Title Loans' actions are not inconsistent with its right to arbitration. Before filing its Motion to Compel, counsel

for Defendant provided counsel for Plaintiff a copy of the Agreement and requested that the case be dismissed in favor of arbitration. Plaintiff's counsel refused, and in response, counsel for Defendant provided Plaintiff with authority from the Eleventh Circuit supporting Defendant's position. Still, Plaintiff insisted that Defendant bring the Motion to Compel before the court for decision on the issue. Further, the Motion to Compel was brought before the court entered a scheduling order or any discovery was exchanged between the parties. Under the totality of the circumstances, therefore, the court concludes that Defendant has not acted inconsistently with the arbitration right nor had Plaintiff been prejudiced. *See IVAX Corp.*, 286 F.3d at 1315-16. The court finds that Alabama Title Loans did not waive its right to arbitration.

### III. Conclusion

For the reasons stated above, the Motion (Doc. # 12) to Compel Arbitration is **GRANTED**. The court **DENIES** the request for attorneys fees and expenses. A separate order will be entered dismissing the case without prejudice.

**DONE** this the ___2nd___ day of June, 2015.

_____
SENIOR UNITED STATES DISTRICT JUDGE